UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL J. GREEN                                                        PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:15CV-177-JHM

JUDGE AUDRA J. ECKERLE                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael J. Green filed a *pro se* complaint.  He also filed an application to proceed without prepayment of fees.  Upon consideration, **IT IS ORDERED** that the application (DN 3) is **GRANTED**.  Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the complaint will be dismissed.

**I.**

As the grounds for filing his case in federal court, Plaintiff asserts that sole Defendant Judge Audra J. Eckerle "of Division Seven- Refused to let a litigant who is representing hisself present any argument because he was not a lawyer.  That Judge Audra Eckerle failed to respect and comply with the law."  In the caption of the complaint form, Plaintiff references "08-CI-10349," which appears to be a state-court civil action number.

In the statement-of-claim portion of the complaint form, Plaintiff wants Defendant "to with draw her self and stop the sale of realstate."  He alleges that Defendant refused to allow him to present any argument because he is not a lawyer; failed to respect and comply with the law; "was not patient and courteous"; and "was biased and prejudiced against the defendant."  He,

therefore, claims that she "completely 'disregarded her responsibility' and it was conduct that would [] not be expected from a seasoned Judge."

In the relief section of the complaint form, Plaintiff asks the Court to stop the sale of a particular piece of property in Louisville, Kentucky, "Immediately-Before March 24, 2015-Stop the Sale"; and to order that Defendant and her orders be "withdrawed." In that same section, Plaintiff also states, "the Attorney has a ruling against the Plaintiff of a Default judgement. the plaintiff's attorney has never appeared in the five motions i have filed."

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Plaintiff fails to identify the violation of any specific constitutionally protected or statutorily created right. However, because Plaintiff alleges that a state-court judge would not allow him to present his arguments in a state-court action, the Court liberally construes the complaint as alleging a due process violation under 42 U.S.C. § 1983. *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."). Notwithstanding the Court's construction of the complaint, Plaintiff's § 1983 claim fails.

First, Plaintiff seeks only injunctive relief against a state-court judge. Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*" 42 U.S.C. § 1983 (emphasis added). Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable. *See Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam) (holding that claim for injunctive relief against state judge in his

judicial capacity barred because plaintiff had not alleged violation of declaratory decree or that declaratory relief was unavailable); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 448 (E.D. Mich. 2006) (where plaintiff had not alleged that judicial defendants violated a declaratory decree or that declaratory relief was unavailable, claim for injunctive relief barred).

Second, Plaintiff's action is barred by the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).  Under this doctrine, "when state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts." *Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987)).  "*Younger* abstention in civil cases requires the satisfaction of three elements.  Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

As Plaintiff wants the Defendant Judge to withdraw herself or be withdrawn from a state-court action and since the sale of the property has yet to occur, it appears that there is a pending state-court action.[1]  Thus, the first element is met.  As to the second element, state property proceedings involve important state interests.  *See Doscher*, 75 F. App'x at 997 (finding that pending foreclosure action involved a matter of state interest).  As to the third element, "we must

---

[1] As previously indicated, in the relief section of the complaint form, Plaintiff mentions that an attorney has a ruling against him "of a Default judgement."  To the extent therefore that Plaintiff may not be challenging a pending state-court action, but a default judgment entered by Defendant, this § 1983 action is barred by the *Rooker-Feldman* doctrine.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  "That doctrine, a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).  "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *Id.*; *In re Singleton*, 230 B.R. 533, 536 (6th Cir. 1999) ("[F]ederal trial courts have only original subject matter, and not appellate, jurisdiction [and] . . . may not entertain appellate review of [or collateral attack on] a state court judgment.").

presume that the state courts are able to protect the interests of the federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil*, 481 U.S. at 15).  The federal plaintiff "bear[s] the burden of showing that state procedural law barred presentation of [his] constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013) (citations omitted).  Plaintiff has not alleged that he is without an adequate state court remedy, that he has appealed the order of sale, or that the Kentucky state courts would not fully and fairly litigate his constitutional claims.  *See Doscher*, 75 F. App'x at 997 (concluding that plaintiff had an adequate opportunity to raise challenges to Kentucky Circuit Court foreclosure proceedings).

For the foregoing reasons, the Court will enter a separate Order dismissing the action for failure to state a claim upon which relief may be granted and as barred by the *Younger* abstention doctrine.

Date:  March 16, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendant
4414.005